UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICK L. GUILLORY,

    Plaintiff(s),

v.

SNOHOMISH COUNTY JAIL, et al.,

    Defendant(s).

NO. C06-747MJP

ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT

The above-entitled Court, having received and reviewed:

1. Defendants Snohomish County Sheriff, Snohomish County Corrections, Stephanie Gilbert, David Oster and Steve Thompson's Motion for Summary Judgment (Dkt. No. 50);

2. Motion to Object to the Defendants Motion for Summary Judgment (Dkt. No. 76)

3. Defendants Snohomish County Sheriff, Snohomish County Corrections, Stephanie Gilbert, David Oster and Steve Thompson's Reply and Motion to Strike (Dkt. No. 65)

4. Defendant Eva Frese's Motion for Summary Judgment (Dkt. No. 57)

5. Defendant Eva Frese's Reply in Support of Motion for Summary Judgment (Dkt. No. 63)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS ORDERED that the motions are GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

**Background**

Plaintiff Guillory was detained at Snohomish County Corrections from April 13, 2006 to May 25, 2006, on which date he was released to the custody of the U.S. Marshals for transport to the Marion Correctional Facility in Ohio.

On at least two occasions during his Snohomish County incarceration, Plaintiff was subject to pat-down searches by female correctional officers: Defendant Eva Frese (May 5, 2006) and Defendant Stephanie Gilbert (May 17, 2006). While Gilbert and Frese assert that these were over-the-clothes contraband searches conducted in conformance with jail policy (*see* Gilbert Decl., ¶¶ 6-7; Frese Decl., ¶¶ 6-7), Plaintiff has characterized them as "sexual assaults." Although he does allege that Defendant Frese touched his genitals inside his pants (Amended Complaint, Dkt. No. 9, p. 11: ¶ 14), his allegations extend to over-the-clothes touching of his buttocks and groin area by both officers during the course of the searches. Id., p. 11: ¶ 14, p. 13: ¶ 19.

Plaintiff filed a grievance with Snohomish County Corrections on May 5, 2006 alleging "fondaling [*sic*] and gropping [*sic*] by female CO's." Comer Decl., Exh. B. The Snohomish County Corrections Facility employs a three-tier grievance system to address inmate complaints. The three steps are: (1) a grievance addressed to the shift commander, followed by (2) an appeal of any denial to the Manager, then finally (3) an appeal of that denial to the Director. Thompson, Decl., ¶ 3.

The same day that Plaintiff filed his May 5 grievance, he retracted it in writing. Comer Decl., Exh. C. On May 8, 2006, he submitted another grievance form, but rather than containing a complaint, the form merely reported his understanding that it was Snohomish County Corrections policy to permit female corrections officers to conduct pat-down searches of male inmates. Id., Exh. D. On May 9, 2006, he filed a grievance form which advised that he had filed a civil rights action alleging a variety of violations, including "sexual harassment" and "sexual discrimination." Id., Exh. E. Plaintiff never filed any grievance forms related to the May 17 incident alleged in his complaint. Oster Decl., ¶ 5.

Following Plaintiff's initial grievance (and despite Plaintiff having withdrawn it), Classification Supervisor (and Defendant) David Oster met with Plaintiff to discuss his concerns. Oster's account of that conversation relates that Plaintiff's concerns were not directed at inappropriate (i.e., under the

**ORDER ON MTNS
FOR SUMM JMT - 2**

clothing) contact by an individual correctional officer,[1] but rather at what he considered the general impropriety of permitting pat-down searches of male inmates by any female correctional officer. Oster Decl., ¶¶ 2-4. When informed that this was in accordance with Corrections policy and was legally approved in the State of Washington, Plaintiff is reported to have responded "[T]hat's what this is all about; I'm going to change the law." Comer Decl., Exh. F.

While incarcerated in Snohomish County Corrections, Plaintiff requested access to the law library or legal materials on four occasions. Def. Answers to Interrog. No. 17, Dkt. No. 39. One request concerned a search for information on his pending criminal matter; there is a policy prohibiting defendants represented by an attorney from doing their own legal research and the request was denied. Id. On the three other occasions, Plaintiff responded to Defendant Oster's requests for more information about the nature of his research needs and his pro se status by simply filing another request for general access to the law library. Id.

Plaintiff's amended complaint, while not completely clear, appears to state the following causes of action:

1. Denial of access to legal materials (against Defendants Thompson and Oster).
2. Denial of access to the courts.
3. Violation of Fourth Amendment right to be free from unreasonable search (against Defendant Frese).
4. Violation of Eighth Amendment prohibition against cruel and unusual punishment (against Defendant Frese).
5. Violation of 14th Amendment right to freedom from sexual assault (against Defendant Frese).

---

[1] "[Plaintiff] advised that the allegations were not directed toward any one officer and that no one officer was conducting searches in an inappropriate manner." Comer Decl., Exh. F.

**ORDER ON MTNS
FOR SUMM JMT - 3**

| | | |
|---|---|---|
| 1 | 6. | Failure to protect Plaintiff from sexual assault re: search by Defendant Frese (against |
| 2 | | Defendants Snohomish County Sheriff, Thompson and Oster). |
| 3 | 7. | Failure to provide adequate medical treatment and mental health counseling following |
| 4 | | his sexual assault (against Defendants Snohomish County Sheriff, Thompson and |
| 5 | | Oster). |
| 6 | 8. | Violation of right to access the grievance system re: denial of access to legal materials |
| 7 | | (against Defendants Snohomish County Sheriff, Thompson and Oster). |
| 8 | 9. | Violation of Fourth Amendment right to be free from unreasonable search (against |
| 9 | | Defendant Gilbert). |
| 10 | 10. | Violation of Eighth Amendment prohibition against cruel and unusual punishment |
| 11 | | (against Defendant Gilbert). |
| 12 | 11. | Failure to protect Plaintiff from sexual assault re: search by Defendant Gilbert (against |
| 13 | | Defendant Thompson). |
| 14 | 12. | Failure to protect Plaintiff and offer "adequate remedy under grievance system" |
| 15 | | (against Defendants Snohomish County Sheriff and Thompson). |

Amended Complaint, Dkt. No. 9, pp. 16-21.

**Discussion**

<u>Summary judgment standard</u>

Summary judgment is not warranted if a material fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if. . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a

genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). This can be done be either producing evidence negating an essential element of plaintiff's claim, or by showing that plaintiff does not have enough evidence of an essential element to carry its ultimate burden at trial. Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).

However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Copr. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id.. At 324. In considering a motion for summary judgment, however, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Anderson, 477 U.S. at 250-51. Additionally, "at the summary judgment stage the judge's function is not . . . to weigh the evidence . . . but to determine whether there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 249.

Exhaustion of administrative remedies

Although nowhere in his "Statement of Claims" does Plaintiff actually cite to 42 U.S.C. § 1983, he attached his Amended Complaint to a Prisoner Complaint Form entitled "Form to Be Used in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." Further, each of his claims cites to one or more provisions of the U.S. Constitution which he alleges to have been violated by the defendant state agencies or officials. The Court will treat Plaintiff's matter as a § 1983 action.

Under the Prisoner Litigation Reform Act, a § 1983 claim cannot be pursued until a prisoner has completely exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory (McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) and is only satisfied

**ORDER ON MTNS
FOR SUMM JMT - 5**

when the inmate has sought final administrative review. Booth v. Churner, 532 U.S. 731, 735 (2001). The burden is Defendants' to demonstrate that Plaintiff has failed to exhaust his administrative remedies (Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), and they have sustained that burden. Outside of the initial grievance that Plaintiff filed regarding the May 5 incident with Defendant Frese (which he withdrew that same day), none of the "grievances" filed by him represent a progression through the administrative appeal process provided by the correctional facility. There is no evidence that Plaintiff sought any form of administrative remedy regarding the May 17 incident with Defendant Gilbert.

Plaintiff acknowledges withdrawing his initial grievance, but then claims that he "resubmitted his Grievance, Appeal, and obtained the Responce (*sic*) from Mr. david (*sic*) Oster stating that ALL REQUIREMENTS ARE EXHAUSTED." Pltf Motion to Object, p. 4. (emphasis in original.) Plaintiff goes on to claim that all of his personal and legal papers were either lost or destroyed when he was transferred from Snohomish County Corrections to his federal detention location. Id., pp. 4-6. The result is that he has no proof of his allegations regarding exhaustion, and the only proof before the Court demonstrates that Plaintiff's exhaustion of his administrative remedies was incomplete at best. Plaintiff's claim is further undercut by Defendants' production of a document signed by Plaintiff upon his release from Snohomish County Corrections verifying that "I have received all of my personal property at release from the Snohomish County Corrections Facility." (Second Comer Decl., Exh. B.)

The appropriate remedy for failure to exhaust administrative procedures is dismissal. Wyatt, 315 F.3d at 1120. The Court is satisfied that Plaintiff has in fact failed to exhaust the administrative remedies on any of his claims and dismissal is justified on that basis alone. As the analysis below will indicate, however, even if that were not the case Defendants are entitled to summary judgment.

Snohomish County Sheriff's Office

It is unclear why Plaintiff chose to join this particular branch of county government in this lawsuit. A municipality (or branch of a municipal government) cannot be held liable under § 1983 absent a showing that constitutional rights were violated as the result of policy or custom of the municipality. <u>Board of County Com'rs of Bryan Co. v. Brown</u>, 520 U.S. 397, 397 (1997). To the extent that Plaintiff's complaint is directed at the policies and practices at Snohomish County Corrections, the Snohomish County Sheriff's Office has no involvement in creating policy at that institution. (Thompson Decl., ¶ 4). Nor does Plaintiff attempt to introduce any evidence of an unconstitutional policy or practice (beyond that permitting cross-gender pat-down searches).

On that basis, the Sheriff's Office is not the proper subject of a § 1983 complaint concerning alleged violations of constitutional rights at the county jail and they will be dismissed as a defendant in this action.

Access to the jail library

The Court is not convinced that Defendants acted improperly in denying Plaintiff access to the jail's law library. Plaintiff has not disputed anything about Defendants' factual allegations in this regard and based on that evidence it appears that Plaintiff (1) sought access to conduct research on a criminal matter where he was already represented, which is a violation of jail policy; and (2) refused to advise the jail regarding his reasons for later requests. Plaintiff has not challenged the constitutionality of the jail's library access policy, which was followed, according to Defendants' uncontroverted account.

Even if there was something untoward in the access policy or the jail's application of that policy, however, Plaintiff would still have to demonstrate some sort of injury therefrom, some evidence that "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). Plaintiff has made no such

allegations, either in his complaint or in response to Defendants' motion. This lawsuit is proof that he was not impeded in pursuing his legal remedies. Defendants are entitled to summary judgment on this claim.

Access to a grievance system

First, the facts as presented by both sides indicate that Plaintiff had access to the jail's grievance system. He filed several grievance forms. Although only his initial grievance form appears to actually constitute a complaint about his treatment while in Defendants' custody, he does not appear to have been prevented from filing further grievance forms. Plaintiff presents no evidence or allegations to the contrary in response to Defendants' contention that he had unfettered access to the jail's grievance procedures.

In any event, however, it is the rule in the Ninth Circuit that prisoners possess no cognizable liberty interest in a jail grievance system. Mann v. Adams, 855 F.2 639, 640 (9th Cir. 1988) (citing Shango v. Jurich, 681 F.2d 1091, 1100 (7th Cir. 1982)). Since Plaintiff has no right to access to a grievance system, Defendants cannot be liable for any alleged failure to provide such access to him.

Unreasonable search and seizure

Plaintiff has claimed that the pat-down searches by both Defendants Gilbert and Frese constituted unreasonable searches and seizures in violation of the Fourth Amendment. In his facts, he alleges that both Frese and Gilbert touched his buttocks and groin areas inside and outside of his pants. (Amended Complaint, ¶¶ 14, 19.) As previously stated, it is unclear whether Plaintiff is complaining of the touching of his genitalia and buttocks inside his pants during the search or about the entire policy permitting female officers to conduct pat-down searches of male inmates. This order will address both issues.

The Ninth Circuit has already rejected the argument that a search of a male prisoner by a female guard is *per se* unreasonable search and seizure. Beginning with Grummet v. Rushen, 770 F.2d

491 (9th Cir. 1985), this circuit has followed the rule that "pat-down searches, which include the groin area, and which are otherwise justified by security needs, do not violate the [F]ourteenth [A]mendment because a correctional officer of the opposite gender conducts such a search." Id. at 495. That rule has been extended to include occasional visual strip searches of male inmates by female guards. Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir. 1988). The Ninth Circuit was moved to observe that "it is highly questionable even today whether prison inmates have a Fourth Amendment right be free from routine unclothed searches by officials of the opposite sex..." Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997). (emphasis supplied.) This Court has no difficulty finding that a policy permitting female officers to conduct clothed pat-down searches of male inmates under appropriate circumstances is not an unconstitutional search and seizure on its face.

On the issue of any touching of Plaintiff's genitalia or buttocks inside his pants, both Defendants Frese and Gilbert deny that any such contact occurred. Gilbert Decl., ¶ 7; Frese Decl., ¶ 7. Viewing the facts as alleged in the light most favorable to the nonmoving party, the Court finds that at most some incidental contact with Plaintiff's body may have occurred during that portion of the pat-down involving the placing of the officer's fingers inside an inmate's waistband and circling the waist in search of contraband. Plaintiff's own descriptions of these events[2] depict a waistband search where at no time was either officers' entire hand inside Plaintiff's pants. The officers' uncontroverted declarations (and the declaration of Defendant Gilbert's Field Training Officer) indicate that they followed standard department pat-down procedures in searching Plaintiff, which prohibits the touching of genitalia inside an inmate's clothing. Gilbert Decl., ¶ 7; Frese Decl., ¶ 7; Swenson Decl., ¶ 4.

---

[2] Regarding Defendant Frese: "That Defendant then placed four (4) fingers of each hand inside the elastic of plaintiffs (*sic*) pants inserting her entire hands with the exception of her thumbs inside the plaintiffs pants..." Amended Complaint, ¶ 14. (emphasis supplied.)
　　Regarding Defendant Gilbert: "After placing her fingers inside the plaintiffs pants, Gilbert pulled plaintiffs pubic hairs and ran fingers across the plaintiffs private area. Then continued to go around the plaintiffs hips." Amended Complaint, ¶ 19. (emphasis supplied.)

**ORDER ON MTNS**
**FOR SUMM JMT - 9**

Plaintiff's complaint describes his pat-down searches by Defendants Frese and Gilbert in terms of a criminal sexual offense ("sexual assault"). Washington state law defines "sexual contact" as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2). Nothing in the facts as presented by Plaintiff suggests a motive of gratifying sexual desire by either of these two officers. Plaintiff's use of words such as "fondling" and "groping" and "sexual assault" does not convert what is at worst inadvertent contact into criminal or unconstitutional conduct. His claims of unreasonable search and seizure in violation of the Fourth Amendment will be dismissed.

Cruel and unusual punishment

The courts have used a two-part test to establish whether an inmate's claim of "cruel and unusual" treatment rises to the level of an Eighth Amendment violation. First, did the conduct of the accused agent demonstrate a "sufficiently culpable state of mind"? Second, was "the alleged wrongdoing. . . objectively harmful enough to establish a constitutional violation"? Somers, 109 F.3d at 622.

Even viewing the facts in the light most favorable to Plaintiff, his allegations do not pass this test. The discussion of the Defendant Officers' conduct above reveals at most inadvertence, not a degree of intent or culpability sufficient to rise to the level of constitutional violation. Furthermore, the conduct must be objectively harmful enough to establish a constitutional violation. Without minimizing the subjective factors which may have lead Plaintiff to find this kind of search highly uncomfortable, even offensive, nothing he alleges is objectively harmful enough to fairly be called "punishment," either cruel or unusual. His claims of an Eighth Amendment violation of the prohibition against cruel and unusual punishment will be dismissed.

Fourteenth Amendment

Plaintiff's Statements of Claim V and VI assert a violation of his Fourteenth Amendment right to be "free from sexual assault during incarceration..." Amended Complaint, p. 18. Plaintiff has cited

**ORDER ON MTNS
FOR SUMM JMT - 10**

to no case authority which recognizes such a constitutional right. The Ninth Circuit precedent which supports a penal institution's right to conduct cross-gender pat-down searches has previously been cited. Grummet, 779 F.2d at 495. Cross-gender searches "cannot be called 'inhumane' and therefore do[ ] not fall below the floor set by the objective component of the [E]ighth [A]mendment." Johnson v. Phelan, 69 F.3d 144, 151 (7th Cir. 1995)

And, as per the above discussion of Plaintiff's Fourth Amendment claims, the elements of a sexual offense are simply absent from his allegations. Defendants are correct when they point out that simply calling something a "sexual assault" does not make it one. Plaintiff's Fourteenth Amendment claim will be dismissed.

Right to adequate medical treatment and mental health counseling

Plaintiff's Statement of Claim VII alleges a violation of his "constitutionally protected right to be afforded adequate medical and mental health counseling and treatment following sexual assault..." which he claims is grounded in the Eighth Amendment. This claim fails legally and factually.

Deliberate indifference to an inmate's injury requires a demonstration that he "was confined under conditions posing a risk of 'objectively, sufficiently serious' harm and that the officials had 'a sufficiently culpable state of mind' in denying proper medical care." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)). The element of "objective harm" is once again fatal to Plaintiff's case; there is no evidence which supports an inference, much less a finding, that Plaintiff was seriously harmed in any way by the pat-down searches or their aftermath.

The facts, which Plaintiff has failed to controvert, indicate quite the opposite of indifference to his complaints. His medical records reflect that he was given medical attention in several instances. Comer Decl., Exh. J. In the wake of the filing of his initial grievance, the documents demonstrate that he received the attentions of a chaplain (Comer Decl., Exh. C) and the facility's Classification Supervisor. Id., Exh. F. That Plaintiff did not receive the outcome he desired in seeking assistance

**ORDER ON MTNS**
**FOR SUMM JMT - 11**

does not elevate his dissatisfaction to the level of constitutional violation. His claim of deliberate indifference to his medical and mental needs will be dismissed.

Right to protection from harm while incarcerated

Establishing a claim of "deliberate indifference to harm" requires Plaintiff to prove (1) that the conditions of his incarceration posed a "substantial risk of serious harm," and (2) that an official of the institution "knows of and disregards an excessive risk to [his] health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff has presented no facts which create a material issue about whether Defendants disregarded a risk of serious harm to him. When Defendant Thompson became aware of Plaintiff's complaints, he sent Defendant Oster to meet with Plaintiff. Def. Answers to Interrogatories, Dkt. No. 39; Thompson Decl., ¶ 4. Defendant Oster's written memorialization of that conversation (which Plaintiff did not dispute then or now) reported that Plaintiff's concern was not that he had been sexually abused, but that the policy permitting cross-gender pat-downs was inappropriate and illegal. Comer Decl., Exh. F.

The Court finds that, in the wake of Defendant Oster's conversation with Plaintiff, Defendants had no reason to believe that Plaintiff was at risk of serious harm, therefore Defendants cannot be said to have disregarded such a risk concerning the May 5 pat-down. As Plaintiff did not complain of Defendant Gilbert's May 17 search at all, there can be no issue of indifference to a known risk of harm. Defendants are entitled to summary judgment dismissing Plaintiff's claim of deliberate indifference to harm as a matter of law.

Qualified immunity

Defendants Gilbert, Frese, Thompson and Oster have all been sued in their individual capacities. These defendants have asserted qualified immunity from liability. In the Ninth Circuit, a defense of qualified immunity requires the Court to consider (1) "whether the law governing the official's conduct was clearly established" at the time of the incident; and (2) if the law was clearly

**ORDER ON MTNS
FOR SUMM JMT - 12**

established, whether a "reasonable official could have believed that the conduct was lawful." Somers, 109 F.3d at 617.

In his response to Defendants' motions, Plaintiff appears to argue that qualified immunity is not available to these defendants because (1) they knew that their actions were violating his constitutional rights and/or (2) they were acting with "malicious intention" to either injure him or deprive him of his rights. Pltf Motion to Object, p. 4.

Even viewed in the light most favorable to him, neither the facts nor the law support Plaintiff's position. Ninth Circuit law at the time of these occurrences supported the right of a jail to permit cross-gender pat-down searches (*see* discussion of "Unreasonable search and seizure" above, pp. 8-10); i.e., the law was "clearly established." Based on that clearly established law and the facts which show at worst some inadvertent touching of Plaintiff's groin and buttocks area, Defendants could reasonably believe that their conduct was lawful.

The Court finds that the individual defendants are entitled to qualified immunity and to a summary judgment of dismissal on that basis as well.[3]

Motion to strike

Attached to Plaintiff's response are statements from fellow inmates intended to bolster his allegations regarding the jail's practice of cross-gender pat-down searches. Pltf Motion to Object, Statements #3A, 3B and #2, pp. 14-17. Defendants move to strike the statements as irrelevant, incompetent and inadmissible. The objections are well-taken.

First of all, none of the information conveyed by Plaintiff's evidence is relevant. FRE 401 defines "relevant" evidence as "having tendency to make the existence of any fact that is of

---

[3] While the Court has analyzed all of Plaintiff's claims and found them factually and legally insufficient, it should be noted that Plaintiff's response to Defendants' motions addressed only two issues: the exhaustion requirement and Defendants' qualified immunity defense. The Court is mindful that both case law (*see* Rand v. Rowland, 154 F.3d 952, 962-963) and our own Local Rules ("If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit;" LR 7(b)(2)) support a finding in Defendants' favor based on Plaintiff's non-response alone.

**ORDER ON MTNS FOR SUMM JMT - 13**

consequence to the determination of the action more probable or less probable than it would be without the evidence." Only relevant evidence is admissible. FRE 402. The statements of Plaintiff's fellow inmates concern the practice of cross-gender pat-downs (which, as has been established, are permissible in the State of Washington) and generally allege that the proponents have been "assaulted," but they say nothing about assaultive or sexually inappropriate behavior by Defendants Frese or Gilbert. Plaintiff's complaint does not allege an institutional policy or practice of sexually assaultive behavior by all female guards. These statements have, therefore, no bearing on the allegations of this case.

Furthermore, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FRCP 56(e). None of Plaintiff's submissions assert that the affiant is competent to testify. None of the statements purport to have seen the incidents of which Plaintiff complains. And none of the affiants make their statements under penalty of perjury.

The motion to strike the statements submitted by Plaintiff in support of his response will be granted.

**Conclusion**

Plaintiff has failed to completely exhaust his administrative remedies as required prior to bringing a claim under 42 U.S.C. § 1983. His response to Defendants' motion addresses only the issues of exhaustion of remedies and qualified immunity and on that basis could be said to concede the validity of the remainder of Defendants' arguments. In any event, his claims of violations of his constitutional rights lack both factual and legal sufficiency. There are no disputed issues of <u>material</u> facts and Defendants are entitled to summary judgment of dismissal as a matter of law.

The Snohomish County Sheriff is not responsible for either policy or procedures at the Snohomish County Corrections Facility, is not a proper party to this lawsuit and will be dismissed on that basis. The remainder of the individual defendants enjoy qualified immunity from Plaintiff's claims.

Summary judgment will be GRANTED in favor of Defendants and Plaintiff's claims are ordered DISMISSED with prejudice.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: July __16_, 2007

Marsha J. Pechman
U.S. District Judge

**ORDER ON MTNS**
**FOR SUMM JMT - 15**